IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID F. KELLY BEY, | : | |
|    Petitioner | : | |
| | : | No. 1:21-cv-472 |
| v. | : | |
| | : | (Judge Rambo) |
| WILLIAM BECHTOLD, | : | |
|    Respondent | : | |

## MEMORANDUM

On March 16, 2021, *pro se* Petitioner David F. Kelly Bey ("Petitioner"), who is currently a pretrial detainee at the Franklin County Jail ("FCJ") in Chambersburg, Pennsylvania, initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Petitioner asserts that his due process rights have been violated because he is "being subject to unreasonable lockdowns and unnecessary restrictions and violations that all constitute[] punishment." (Doc. No. 1-1 at 8.) Petitioner appears to suggest that his rights have been violated because of a lack of exercise and recreation, as well as by limitations on his ability to prepare for trial and communicate effectively with his attorney. (Doc. No. 1-1.) He appears to seek unspecified injunctive relief alleviating the alleged lockdowns and restrictions. (*Id.*) Petitioner has filed a motion for leave to proceed *in forma pauperis*. (Doc. No. 4.) The Court will grant Petitioner leave to proceed *in forma pauperis* and will dismiss his § 2241 petition without prejudice to his right to file a civil rights action pursuant to 42 U.S.C. § 1983.

## I.     DISCUSSION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004).  The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b).  *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Section 2241 authorizes a federal court to issue a writ of habeas corpus to a detainee who "is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241.  However, summary dismissal of Petitioner's § 2241 petition is appropriate because it constitutes an improper use of the writ of habeas corpus.  The Supreme Court has noted that "habeas corpus is not an appropriate or available federal remedy" if the prisoner "attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release." *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973).  As the United States Court of Appeals for the Third Circuit has explained:

> When read together, there is a logical and coherent progression of Supreme Court jurisprudence clarifying when § 1983 [or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),] is unavailable: whenever the challenge ultimately attacks the

> "core of habeas"—the validity of the continued conviction or the fact or length of the sentence—a challenge, however, denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 [or *Bivens*] is inappropriate.

*Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

Here, Petitioner seeks to use § 2241 for an improper purpose. As noted *supra*, he appears to seek injunctive relief in the form of an Order directing the FCJ to alleviate alleged unconstitutional lockdowns and restrictions. Petitioner's claim is not "a challenge to the fact or duration of imprisonment, which is the essential purpose of the writ of habeas corpus." *Credico v. BOP FDC Warden of Philadelphia*, 592 F. App'x 55, 57 (3d Cir. 2014) (affirming the dismissal of a federal pretrial detainee's § 2241 petition challenging his conditions of confinement). If Petitioner seeks to pursue his constitutional claims, he must do so by filing a separate civil action pursuant to 42 U.S.C. § 1983.

## II.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding initiated pursuant to 28 U.S.C. § 2241. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating

that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the case at bar, jurists of reason would not find the disposition of this case debatable. Accordingly, the Court will not issue a COA in this case.

### III. CONCLUSION

Based on the foregoing, the Court will grant Petitioner's motion for leave to proceed *in forma pauperis* (Doc. No. 4) and dismiss his § 2241 petition (Doc. No. 1) to Petitioner's right, should he choose to do so, to file a civil rights action, pursuant to 42 U.S.C. § 1983, asserting his constitutional claims regarding the denial of due process due to alleged unconstitutional lockdowns and restrictions. An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: April 1, 2021